IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CURTIS WHITE                                                                                                       PLAINTIFF

v.                                              5:16CV00114-JLH-JJV

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration,                                                                DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge J. Leon Holmes. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Curtis White, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. Both parties have submitted briefs and the case is ready for a decision. After carefully considering the record as a whole, for the following reasons, I find the decision of the Commissioner is supported by substantial evidence.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts

from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff was fifty-two years old at the time of the hearing. (Tr. 31.) He testified he is a high school graduate (Tr. 32), and has past work experience as an industrial cleaner, drill press operator, and appliance assembler. (Tr. 19.)

Plaintiff alleges he is disabled due to diabetes, a back injury, carpal tunnel syndrome, and high blood pressure. (Tr. 155-166, 183.) The Administrative Law Judge[1] (ALJ) found Mr. White had not engaged in substantial gainful activity since January 30, 2013, and had a combination of severe impairments. (Tr. 14.) However, the ALJ found that Mr. White did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 14-16.) According to the ALJ, Mr. White has the residual functional capacity to do a reduced range of light work. (Tr. 16.) Given his residual functional capacity, the ALJ determined Plaintiff could no longer perform his past relevant work. (Tr. 19.) However, given the testimony from the vocational expert, the ALJ concluded other jobs existed in significant numbers that Plaintiff could perform despite his impairments. (Tr. 20.) Accordingly, the ALJ determined Mr. White was not disabled. (Tr. 49-52.)

In support of his Complaint, Plaintiff argues the ALJ incorrectly concluded his cellulitis is not a "severe" impairment. (Pl.'s Br. 6-7.) He argues, "Mr. White indicated cellulitis caused pain, swelling, blisters, hardening then peeling off his right foot. He is unable to walk on his right foot during an episode, limiting his ability to walk and stand." (*Id.* at 6.)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 416.920(d), 416.925, and 416.926.

Plaintiff has the burden of proving his impairment is "severe." *See Nguyen v. Chater*, 75 F.3d 429, 431 (8th Cir. 1995). To prove a severe impairment, a claimant must show he is significantly limited in his ability to do basic work activities. *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d 1392, 1396 (8th Cir. 1989).

A claimant's impairments are not severe when:

>    (a)  *Non-severe impairment(s).*  An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
>    (b)  *Basic work activities.*  When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs.  Examples of these include –
>    (1)  Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
>    (2)  Capacities for seeing, hearing, and speaking;
>    (3)  Understanding, carrying out, and remembering simple instructions;
>    (4)  Use of judgment;
>    (5)  Responding appropriately to supervision, co-workers and usual work situations; and
>    (6)  Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921.

The determination at step two is based <u>solely</u> on the medical evidence. *Riley v. Shalala*, 849 F.Supp. 679, 681 (E.D. Ark. 1993), aff'd, 18 F.3d 619 (8th Cir. 1994). Plaintiff was first diagnosed with cellulitis on January 16, 2013, by Herschel Marcus, M.D. (Tr. 264.) Plaintiff had another episode on May 1, 2013. (Tr. 335.) But as the Commissioner notes, during Plaintiff's July 23, 2013, consultative examination, Christopher L. John, M.D., reported nothing about cellulitis. (Tr. 340-343.) Furthermore, later that year, Dr. Marcus referred Plaintiff to Manuel Kelley, M.D., who reported, "Patient reports Right Foot feels better since taking the Bactrim DS. Patient reports no sores, blisters, or weeping." (Tr. 360.) There is no medical evidence to support Plaintiff's argument that his cellulitis significantly limited his ability to perform work-related activities. Thus, the ALJ could properly find Mr. White's cellulitis is not a "severe" impairment.

And while Plaintiff disagrees, the ALJ could rightly rely on the findings of Sharon Keith, M.D. (Tr. 58-61), and Ronald Davis, M.D. (Tr. 80-83), who both assessed Plaintiff could perform light work. I recognize they only reviewed the medical records and did not actually examine

Plaintiff. Yet, there is no reason to discount these opinions and their review of Plaintiff's medical records is consistent with the treatment records.

Undoubtedly, Plaintiff suffers from some degree of pain and limitation. However, the record fails to support an allegation of complete disability. Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). Plaintiff is still young and appears to be capable of working.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final determination of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

DATED this 27th day of January, 2017.

JOE J. VOLPE  
UNITED STATES MAGISTRATE JUDGE